EVANS, d. b. a. CHRIS'S CAFE, Cincinnati, Appellant-Appellee, v.
BOARD OF LIQUOR CONTROL, Appellee-Appellant.

Ohio Appeals, Tenth District, Franklin County.

No. 6142. Decided March 29, 1960.

Frieden, Wolfe & Hoy, Cincinnati, for appellant-appellee.
Mark McElroy, Atty. Genl., John W. Leibold, John A. Hoskins, Asst.
Attys. Genl., Columbus, for appellee-appellant.

## OPINION

By BRYANT, PJ.

Christine Evans, d. b. a. Chris's Cafe, appellee herein, has filed a motion for reconsideration of the opinion rendered by this court on January 14, 1960, and counsel for the Board of Liquor Control, appellant herein, have joined in this motion.

The opinion above referred to sustained the assignment of error made by the Board that the court below lacked the power to modify the penalty imposed by the Board and reversed the judgment of modification made by the Court of Common Pleas of Franklin County, in effect reinstating the original order of the Board. However, in describing the order of the Board, it was erroneously referred to as a suspension when in fact it was a revocation.

The reasons advanced by appellant are considerably different from those urged by appellee. The Board wishes the description of its order corrected to read a revocation rather than a suspension, but otherwise wishes the decision reaffirmed.

Appellee mentions this error but also contends this case is within the terms of a footnote in the case of Henry's Cafe, Inc., v. Board of Liquor Control, 170 Oh St 233. In the footnote at page 236 in the Henry's Cafe, Inc., case, supra, we find,

"There is no claim here that the finding of the Common Pleas Court

is not 'in accordance with law' and for purposes of simplification we have therefore eliminated that phrase from consideration."

Appellee points to the journal entry approved by the court below as finding that the order of the Board was "not in accordance with law." Appellee contends the journal entry of the court below contains no finding that the order of the Board was supported by reliable, probative and substantial evidence. The journal entry of the court below reads as follows:

"This cause proceeds upon an appeal from an order of the Board of Liquor Control, revoking Appellant's Class D-5 Permit. This case was submitted to the court upon a transcript of proceedings and testimony before the Board of Liquor Control, the original papers, briefs and arguments of counsel. Upon consideration thereof, and being fully advised in the premises, the court finds that the order of the Board of Liquor Control is not in accordance with law.

"It is, therefore, ORDERED, ADJUDGED AND DECREED that the order of the Board of Liquor Control be, and the same is hereby modified from an order of revocation to a twenty-eight day suspension, such ruling being supported by reliable, probative and substantial evidence, and in accordance with law.

"Costs to the appellee.

"To all of which appellee excepts."

That the court below was of the opinion that the order was supported by reliable, probative and substantial evidence is not open to doubt for in a decision dated February 17, 1959, the lower court so stated. At the bottom of the first page and the top of the second page of the decision above referred to, Harter, J., wrote as follows:

"At the hearing of the matter before the Board of Liquor Control on April 8, 1958, the Department elected to proceed on only the 'conviction' count of the charge; that is, the Department relied solely on §4301.25A R. C. There was no evidence adduced at the hearing after a technical plea of 'not guilty' but there was a stipulation (the equivalent of evidence) to the effect that 'Dennis, who had been employed as a bartender by the permitholder, was convicted in the Municipal Court of Cincinnati, Ohio, for violating in and upon the permit premises, §4301.22D R. C., * * *.'

"Under this stipulation, we are forced to recognize that there is 'reliable, probative and substantial evidence' (or the equivalent thereof) to support the Board's order, but it does not follow from this that the order is 'in accordance with law.' (The quoted phrases are from §119.12 R. C., which governs this court on this appeal). * * *" (Emphasis added.)

Nevertheless the fact remains that in the journal entry which represents the judgment of the court rather than the decision or opinion, there is no express finding that the required quantum of evidence was produced in support of the Board's order.

We do not believe there is merit in the contention that this case is within the exception claimed to have been made in the case of Henry's Cafe, Inc., supra. There is a vast difference between determining "that the finding of the Common Pleas Court is not 'in accord-

ance with law,'" and a similar determination that the order of the Board is or is not "in accordance with law."

We conclude that the so-called exception, if indeed it be an exception, has no application to this case. The court below clearly indicated in its decision, above referred to, that there was legally sufficient evidence for the reason that the citation was based upon a conviction in court which was admitted by counsel on both sides. The court below also clearly indicated that it felt that the penalty was too severe and was excessive to such an extent that it was unreasonable and therefore not in accordance with law.

The case of Henry's Cafe, Inc., supra, clearly stands for the proposition that where the Common Pleas Court, pursuant to §119.12 R. C., considers the whole record and evidence before it and determines the Board's order is supported by reliable, probative and substantial evidence, that the Common Pleas Court has no authority to modify a penalty imposed by the Board.

The second and third branches of the syllabus in the case of Henry's Cafe, Inc., supra, are as follows:

"2. On appeal from an order of an agency (as defined in §119.01 R. C.), to the Court of Common Pleas, the power of the court to modify such order is limited to the ground set forth in §119.12 R. C., i. e., the absence of finding that the order is supported by reliable, probative, and substantial evidence.

"3. On such appeal, the Court of Common Pleas has no authority to modify a penalty that the agency was authorized to and did impose, on the ground that the agency abused its discretion."

It appears to us that when counsel for the permit holder stipulated into the record the evidence relative to the conviction that all of the requirements as to legally sufficient evidence were fully met and any holding to the contrary would have to be reversed and set aside. See **Andrews, Jr., d. b. a. Buffalo Grill & Hotel, v. Board of Liquor Control, 164 Oh St 275.** In such a case this court has the option rendering the judgment that the court below should have rendered or remanding the cause to that court for such judgment. In view of the clear statement of the court below that the evidence was sufficient together with the fact that there can be no serious question along that line, it would appear that no useful purpose would be served by remanding the matter to the court below. **Sec. 2505.37 R. C.,** reads as follows:

"When a judgment or final order is reversed, in whole or part, in the court of common pleas, court of appeals, or supreme court, the reviewing court shall render such judgment as the court below should have rendered, or remand the cause to that court for such judgment."

It is our conclusion that the order of the Board of Liquor Control was supported by reliable, probative and substantial evidence, that the judgment entry of the court below should have so stated and we therefore render such judgment.

DUFFY, J, concurs.
MILLER, J, not participating.